IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE AVELAR, JR., § | | |
| Movant, § | | |
| § | 3:17-cv-2334-B (BT) | |
| v. § | 3:16-cr-0351-B (BT) (02) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Movant Jose Avelar, Jr., a federal prisoner, filed a *pro se* motion for appointment of counsel to challenge his sentence, which was construed as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the motion should be denied.

I.

In July 2016, Drug Enforcement Administration ("DEA") agents arranged a controlled purchase of kilogram quantities of methamphetamine from Favian Mendoza, a co-defendant in Movant's criminal case. (PSR ¶ 9.) Mendoza traveled to Fort Worth, Texas, to obtain the methamphetamine. (*Id.*) Agents conducted surveillance and followed Mendoza. Mendoza travelled to Oakland Park in Fort Worth, and Agents saw Movant arrive and park next to Mendoza. (PSR ¶ 10.)

1

Movant exited his vehicle and placed a white box and a black computer bag into Mendoza's vehicle, and Mendoza left the scene. (*Id.*)

Fort Worth police officers initiated a traffic stop on Mendoza's vehicle. (PSR ¶ 11.) Mendoza consented to a search of his vehicle, and officers found a computer bag which contained two taped bundles of methamphetamine and a white box which contained six taped bundles of methamphetamine. (PSR ¶ 11.) Mendoza told officers Movant had placed the white box of methamphetamine in his vehicle. (PSR ¶ 12.) Based on later laboratory analysis, the methamphetamine had a net weight of 9,954 grams with a purity level of 100 percent. (PSR ¶ 11.) A search warrant was obtained for Movant's home. (PSR ¶ 13.) Agents found drug ledgers, a handgun, a rifle, $77,405 in currency, and plastic bags containing cocaine and methamphetamine. (PSR ¶ 13.) The cocaine had a net weight of 5,685 grams, and the methamphetamine weighed 2,170 grams with a 95 percent purity level. (PSR ¶ 13.)

Movant pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On February 13, 2017, the court sentenced Movant to 168 months in prison. He did not file an appeal.

On August 14, 2017, Movant filed the instant § 2255 motion, and on September 15, 2017, he filed an amended motion. He argues he received ineffective assistance of counsel when:

    1.     Counsel failed to file a direct appeal due to a conflict of interest;

    2.     Counsel failed to investigate a minor role adjustment; and

    3.     Counsel failed to seek downward adjustments under the safety-valve and minor role provisions.

On November 5, 2018, the Court set an evidentiary hearing on Movant's claim that his counsel was ineffective when counsel failed to file a direct appeal. (ECF No. 14.) On January 22, 2019, Movant filed a motion to cancel the hearing and voluntarily dismiss his claim that counsel was ineffective for failing to file a direct appeal. (ECF No. 19.) On January 23, 2019, the Court granted Movant's motion. (ECF No. 20.) Therefore, Movant raises only claims two and three above.[1]

## II.

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong

---

[1] The Court notes that Movant states he seeks to restore his right to a direct appeal under § 2255(h). Section 2255(h), however, does not restore a direct appeal. Instead, it sets forth the requirements for filing a successive petition under § 2255. The Court construes Movant's claims as a challenge to his sentence.

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### A.     Investigation

Movant claims he was eligible for a minor role adjustment, but his counsel failed to investigate this issue. Movant, however, fails to explain what his counsel should have done to investigate this issue, what facts would have been discovered in the investigation, or how this investigation would have reasonably changed the

4

outcome of his sentence. Petitioner's conclusory claim is insufficient to warrant relief. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (stating movant must state with specificity what the investigation would have revealed and how the evidence would have altered the outcome of the trial); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). This claim should be denied.

### B.   Safety-Valve and Minor Role

Movant claims his counsel failed to argue for a downward adjustment based on his minor role in the offense and failed to argue that Movant qualified for the safety-valve provision.

The record shows defense counsel filed objections to the PSR in which he argued for both a minor role adjustment and a safety-valve adjustment. (ECF No. 69.) In response to counsel's objections, the PSR Addendum found Movant eligible for the safety-valve provision, but rejected counsel's argument that Movant was eligible for a minor role adjustment. (ECF No. 73.) After the PSR Addendum accepted counsel's safety-valve objection, counsel withdrew his objection regarding the minor role adjustment. (ECF No. 74.) Although Movant claims counsel's failure to argue for the minor role adjustment was ineffective, Movant has submitted no facts regarding his alleged minor role in the offense. At sentencing, the Court noted that Movant was entrusted with trafficking "huge amounts" of drugs. (ECF No. 100 at 25.) Movant has failed to make any showing

that had counsel continued to argue for a minor role adjustment, there is a reasonable probability that his sentence would have been lower. This claim should be denied.

### III.

For the foregoing reasons, the Court should DENY the motion vacate, set-aside, or correct sentence under § 2255.

Signed February 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).